IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| WILLIAM M. TYLER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO: _____ |
| ) | |
| MISSOURI BAPTIST MEDICAL CENTER, ) | |
| and DALE A. THUET, P.T., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

## COUNT I

Comes now the Plaintiff, William M. Tyler, Jr., by his attorneys, Callis, Papa & Szewczyk, P.C., and for his cause of action against Defendant Missouri Baptist Medical Center ("MBMC"), Plaintiff alleges as follows:

1. That at all relevant times herein the Plaintiff, William M. Tyler, Jr., was a resident and citizen of the City of Venice, Madison County, State of Illinois.

2. That at all relevant times herein Defendant, MBMC, was a Missouri Corporation which by and through its owners, agents, apparent agents, servants and employees, including its physical therapy, rehabilitation and nursing staff, engaged in the business of providing medical care and treatment including physical therapy, rehabilitation, surgical and other medical, nursing and hospital services in St. Louis County, State of Missouri, and that it held itself out and represented to the general public that it managed and/or employed competent and skilled medical professionals, including physical therapists and nurses.

3. That on or about November 13, 2012, Plaintiff was a patient at MBMC following

knee replacement surgery; and at that time, Defendant, by and through its agents, servants and employees, including its physical therapy, rehabilitation and nursing staff, had accepted Plaintiff as a patient and provided post-surgical nursing, rehabilitation and physical therapy care for certain fees.

4. That at all relevant times Defendant MBMC, by and through its agents, owners, servants and employees, including its physical therapy, rehabilitation and nursing staffs, owed a duty of care to the Plaintiff to provide care and treatment which complied with the generally accepted standards of care due a patient under like or similar circumstances.

5. That following his knee replacement surgery, Plaintiff was unsteady and weak, had difficulty standing, remaining balanced and walking, and he was at an increased risk of falling.

6. That on or about November 13, 2012, Defendant, by and through its agents, servants and employees, including its physical therapy and rehabilitation staffs, attempted to provide Plaintiff with post operative physical therapy which included arising from his bed, standing and hopping.

7. That during a therapy session of November 13, 2012, while attempting to hop as directed, Plaintiff was unable to support his weight, and the hopping caused him to fracture his left ankle, causing his injuries as more fully described hereinafter.

8. That on or about November 13, 2012, Defendant MBMC, by and through its agents, servants, owners and employees, including its physical therapy, rehabilitation and nursing staffs, breached and deviated from the generally accepted standard of care owed to Plaintiff, by then and there being guilty of one or more of the following negligent careless acts or omissions

in the treatment of Plaintiff:

    a.    Negligently and carelessly failed to provide appropriate instruction as to physical therapy;

    b.    Negligent and carelessly failed to provide sufficient staff to assist the Plaintiff in performing physical therapy;

    c.    Negligent and carelessly attempted to provide physical therapy in Plaintiff's room instead of transferring him to a dedicated physical therapy facility;

    d.    Negligently and carelessly instructed Plaintiff to hop on one leg when Defendant knew or should have known that Plaintiff would be unable to safely support his weight on one leg;

    e.    Negligently and carelessly failed to assess or develop a physical therapy plan that could be performed by Plaintiff which would not result in trauma to him; and/or

    f.    Otherwise negligently and carelessly provided medical care and treatment to the Plaintiff.

9.    As a direct and proximate result of the negligence, breach of care and unskillfulness of Defendant MBMC, Plaintiff's left ankle was fractured and injured; he sustained severe and permanent injuries to his ankle; he was made disabled and lost his normal enjoyment of life; he has suffered additional and greater scarring and/or disfigurement; he required a surgical repair of his fracture; and he has expended and will continue to expend large sums of money endeavoring to be cured of his said injuries; and was unable to perform the duties of his

employment; all to his damage in an amount in excess of seventy-five thousand dollars ($75,000.00).

10. In compliance with Missouri Revised Statutes §538.225, Plaintiff will submit an affidavit within ninety (90) days of filing this Complaint.

11. That the Court has jurisdiction pursuant to 28 U.S. Code § 1332 as the amount in controversy exceeds seventy-five thousand dollars ($75,000.00) and there is diversity of citizenship between the parties.

WHEREFORE, Plaintiff prays for damages against Defendant in a sum that will fairly and justly compensate him in *excess* of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), and for any other damages this Court deems just and proper.

CALLIS, PAPA & SZEWCZYK, P.C.

By: ＿＿/s/ John T. Papa＿＿＿＿＿＿＿＿
John T. Papa #35065
1326 Niedringhaus Avenue
P.O. Box 1326
Granite City, IL 62040
(618) 452-1323
(618) 452-8024   Fax

## COUNT II

Comes now the Plaintiff, William M. Tyler, Jr., by his attorneys, Callis, Papa & Szewczyk, P.C., and for his cause of action against Dale A. Thuet, P.T., Plaintiff alleges as follows:

1. That at all relevant times herein, Plaintiff William M. Tyler, Jr., was a resident and citizen of the City of Venice, Madison County, State of Illinois.

2. That at all relevant times, Defendant, Dale A. Thuet, was a physical therapist and an employee, agent or apparent agent of Missouri Baptist Medical Center ("MBMC"), who was engaged in and provided physical therapy services in St. Louis County, State of Missouri, to the Plaintiff, and that Defendant held himself out and represented to the general public that he was a competent and skillful physical therapist.

3. That on or about November 13, 2012, Plaintiff was a patient at MBMC following knee replacement surgery; and at that time, the Defendant, Dale A. Thuet, was a physical therapist, and an employee, agent or apparent agent of MBMC, who had accepted Petitioner as a patient and provided post surgical physical therapy care for certain fees.

4. That at all relevant times, Defendant, Dale A. Thuet, as an employee, agent or apparent agent of MBMC, owed a duty of care to the Plaintiff to provide physical therapy care and treatment which complied with the generally accepted standards of care to a patient under like or similar circumstances.

5. That following his knee replacement surgery, Plaintiff was unsteady and weak, had difficulty standing, remaining balanced and walking, and he was at an increased risk of falling.

6. That on or about November 13, 2012, Defendant, Dale A. Thuet, as an employee, agent or apparent agent of MBMC, provided post operative physical therapy to Plaintiff.

7. That during the therapy of November 13, 2012, while attempting to hop, as directed by Defendant, Plaintiff was unable to support his weight, and the hopping caused him to

fracture his left ankle, causing his injuries as described hereinafter.

8. That on or about November 13, 2012, Defendant, Dale A. Thuet, as an employee, agent or apparent agent of MBMC, breached and deviated from the general accepted standard of care owed to the Plaintiff and was then and there guilty of one or more of the following negligent careless acts or omissions in the treatment of the Plaintiff:

    a. Negligently and carelessly failed to provide appropriate instruction as to physical therapy;

    b. Negligent and carelessly failed to provide sufficient staff to assist the Plaintiff in performing physical therapy;

    c. Negligent and carelessly attempted to provide physical therapy in Plaintiff's room, instead of transferring him to a dedicated physical therapy facility;

    d. Negligently and carelessly instructed Plaintiff to hop on one leg when Defendant knew or should have known that Plaintiff would be unable to safely support his weight on one leg;

    e. Negligently and carelessly failed to assess or develop a physical therapy plan that could be performed by Plaintiff which would not result in trauma to him; and/or

    f. Otherwise negligently and carelessly provided medical care and treatment to the Plaintiff.

9. As a direct and proximate result of the negligence, breach of care and unskillfulness of the Defendant, Plaintiff's left ankle was fractured and injured; he sustained

severe and permanent injuries to his ankle; he was made disabled and lost his normal enjoyment of life; he has suffered additional and greater scarring and/or disfigurement; he required a surgical repair of his fracture; and he has expended and will continue to expend large sums of money endeavoring to be cured of his said injuries; and was unable to perform the duties of his employment; all to his damage in an amount in excess of seventy-five thousand dollars ($75,000.00).

10. In compliance with Missouri Revised Statutes §538.225 Plaintiff will submit an affidavit within ninety (90) days of filing this Complaint.

11. That the Court has jurisdiction pursuant to 28 U.S. Code § 1332 as the amount in controversy exceeds seventy-five thousand dollars ($75,000.00) and there is diversity of citizenship between the parties.

WHEREFORE, Plaintiff prays for damages against Defendant in a sum that will fairly and justly compensate him in *excess* of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), and for any other damages this Court deems just and proper.

CALLIS, PAPA & SZEWCZYK, P.C.

By:   /s/ John T. Papa
     John T. Papa #35065
     1326 Niedringhaus Avenue
     P.O. Box 1326
     Granite City, IL 62040
     (618) 452-1323
     (618) 452-8024   Fax