UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM M. TYLER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14CV1917 HEA |
| ) | |
| MISSOURI BAPTIST MEDICAL ) | |
| CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment, [Doc. No. 28]. Plaintiff has not responded to the Motion. For the reasons set forth below, the Motion is granted.

## Facts and Background[1]

---

[1] Defendant has filed a Statement of Uncontroverted Facts. Plaintiff, in contravention of this Court's Local Rule 7-4.01(E), failed to specifically controvert any of Defendant's facts. Likewise, Plaintiff failed to present his own Statement of Uncontroverted Facts.

Local Rule 4.01(E) provides with respect to summary judgment motions:

> A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine dispute exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth

This medical malpractice cases arises from medical and physical therapy treatment rendered to Plaintiff by Defendant on or about November 13, 2012, in St. Louis County, Missouri. Plaintiff alleges that Defendant breached and deviated from the generally accepted standard of care in that Defendant negligently and carelessly: (1) Failed to provide appropriate instruction as to physical therapy; (2) Failed to provide sufficient staff to assist the Plaintiff in performing physical therapy; (3) Attempted to provide physical therapy in Plaintiff's room instead of transferring him to a dedicated physical therapy facility; (4) Instructed Plaintiff to hop on one leg when Defendant knew or should have known that Plaintiff would be unable to safely support his weight on one leg; (5) Failed to assess or develop a physical therapy plan that could be performed by Plaintiff which would not result

---

in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

E.D. Mo. L.R. 4.01(E). As a result of Plaintiff's failure to submit any response, Plaintiff has not met the requirements of Local Rule 4.01(E), and is deemed to have admitted all facts in Defendant's Statement of Uncontroverted Facts. *Turner v. Shinseki,* 2010 WL 2555114, at *2 (E.D.Mo. June 22, 2010) (citing *Deichmann v. Boeing Co.,* 36 F.Supp.2d 1166, 1168 (E.D.Mo.1999), aff'd, 232 F.3d 907 (8th Cir.2000), cert. denied, 531 U.S. 877, 121 S.Ct. 184, 148 L.Ed.2d 127)). However, Plaintiff's failure to respond properly to the motion for summary judgment does not mean summary judgment should be automatically granted in favor of Defendant. Even if the facts as alleged by Defendant are not in dispute, those facts still must establish he is entitled to judgment as a matter of law. *Autry Morlan Chevrolet Cadillac, Inc. v. RJF Agencies, Inc.,* 332 S.W.3d 184, 191 (Mo.Ct.App.2010) (citations omitted). *See also Burnett v. Acikgoz*, No. 4:13-CV-1990-JAR, 2015 WL 4603475, at *2 (E.D. Mo. July 30, 2015); *Vandergrift v. Emerson,* 2012 WL 15021, at *1 (W.D.Mo. Jan. 4, 2012).

Consequently, Defendant's Statement of Uncontroverted Facts is taken as admitted by Plaintiff.

in trauma to him; and (6) Otherwise was negligent and careless in providing medical care and treatment to Plaintiff.

Plaintiff further alleges that as a direct and proximate result of the negligence, breach of care and unskillfulness of Defendant, his left ankle was fractured and injured.

Pursuant to this Court's Case Management Order, Plaintiff was required to file his expert disclosures and reports pursuant to Fed. R. Civ. P. 26(a)(2) on June 1, 2015. Plaintiff failed to do so and has not done so to date. Plaintiff was also required to identify all witnesses and produce all required reports and information on or before June 1, 2015. Plaintiff failed to do so and has not done so to date. Pursuant to Fed. R. Civ. P. 37 and 26(D), Defendant moved to strike Plaintiff's retained and non-retained experts and to bar any untimely disclosure of opinions or the addition of any newly identified experts, whether retained or non-retained.

In an Order dated July 29, 2015, the Court granted Defendant's motion to strike and preclude Plaintiff's retained and non-retained experts. In doing so, Plaintiff has been barred from presenting any expert testimony or opinions concerning any breaches and/or deviations from the standard of care relating to his medical and physical therapy treatment from Defendant.

**Summary Judgment Standard**

Summary judgment is appropriate when there exists no genuine dispute as to any material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party has the burden to establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505; *Krenik v. Le Sueur,* 47 F.3d 953, 957 (8th Cir. 1995). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.,* 62 F.3d 237, 241 (8th Cir. 1995) (quotation omitted)." *Putman v. Unity Health System,* 348 F.3d 732, 733-34 (8th Cir. 2003). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323.

## Discussion

Plaintiff alleges that Defendant breached and deviated from the generally accepted standard of care owed to him.  Under Missouri law, in order for Plaintiff to have made a submissible case on a medical malpractice claim against Defendant, Plaintiff must prove that Defendant failed to use the degree of skill and learning ordinarily used under the same or similar circumstances, *i.e.*, breached the standard of care, and that Defendant's negligent act or acts directly caused or directly contributed to cause Plaintiff's injuries. *Montgomery v. S. County Radiologists, Inc.,* 168 S.W.3d 685, 691 (Mo. App. E.D. 2005); *Washington by Washington v. Barnes Hosp.,* 897 S.W.2d 611, 615 (Mo. banc 1995); *Williams v. Daus,* 114 S.W.3d 351, 359 (Mo.App.S.D.2003).  Furthermore, the standard must be objective, that is, not merely the personal opinion of an expert, but the standard that is accepted generally in the profession. *Swope v. Printz,* 468 S.W.2d 34 (Mo. banc 1971).  *Hickman v. Branson Ear, Nose & Throat, Inc.*, 256 S.W.3d 120, 124 (Mo. 2008).

Thus, in the medical malpractice context, Plaintiff must present expert testimony to establish the standard of care required in the circumstances surrounding this action.  Plaintiff does not have the benefit of any experts due to the failure to timely disclose.  As such, Plaintiff is unable to present a submissible case and Defendant is therefore entitled to judgment as a matter of law.

## Conclusion

Plaintiff has failed to respond to Defendant's Motion for Summary Judgment with any evidence that the claims he presented in his Complaint entitle him to the relief requested. Defendants are entitled to judgment as a matter of law. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment, [Doc. No. 28], is granted.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 27th day of October, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE